FILED
06-01-2026
Anna Maria Hodges
Clerk of Circuit Court
2026CV005188
Honorable Timothy
Witkowiak-22
Branch 22

**STATE OF WISCONSIN**         **CIRCUIT COURT**         **MILWAUKEE**

Alejandro Valadez et al vs. City of Milwaukee et al         **Electronic Filing Notice**

Case No. 2026CV005188
Class Code: Other-Personal Injury

CITY OF MILWAUKEE
200 E. WELLS STREET
MILWAUKEE WI 53202

Name: _Shamur_
Date: ___/___/___
Time: ___:___ AM / PM

Case number 2026CV005188 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: c23658**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4140.

Milwaukee County Circuit Court
Date: June 1, 2026

Exhibit A

FILED
06-01-2026
Anna Maria Hodges
Clerk of Circuit Court
2026CV005188
Honorable Timothy
Witkowiak-22
Branch 22

| | | |
|---|---|---|
| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE COUNTY |

ALEJANDRO VALADEZ,

    Plaintiff,

DEAN HEALTH PLAN,
WISCONSIN DEPARTMENT
OF HEALTH SERVICES, and
MILWAUKEE CHILD SUPPORT AGENCY,

    Involuntary Plaintiffs,

    v.

CITY OF MILWAUKEE, JOSEPH ZAWIKOWSKI,
CHRISTOPHER RANDAZZO, JOHN DOE
OFFICERS 1-2, ABC INSURANCE COMPANY,
QUINCY TOLLIVER, and
GEICO SECURE INSURANCE COMPANY

    Defendants.

Case No.:
Case Code: 30107 (Personal Injury – Other)



## SUMMONS

**THE STATE OF WISCONSIN**

To each person(s) named above as the defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the Statutes. The answer must be sent in writing to the Court, 901 N 9th Street, Milwaukee, WI 53233 **AND** to the attorneys for the Plaintiff, Nathaniel Cade Jr.,

Cade Law Group LLC, whose address is PO Box 170887, Milwaukee, WI 53217. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgement against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated this 1st day of June, 2026,

**CADE LAW GROUP LLC**
Attorneys for Plaintiff

By:     *Electronically signed by Nathaniel Cade, Jr.*
Nathaniel Cade, Jr. SBN 1028115
Annalisa Pusick, SBN: 1116379
PO Box 170887
Milwaukee, WI 53217
P: (414) 255-3802
F: (414) 255-3804
E: nate@cade-law.com
annalisa@cade-law.com

FILED
06-01-2026
Anna Maria Hodges
Clerk of Circuit Court
2026CV005188
Honorable Timothy
Witkowiak-22
Branch 22

| | | | |
|---|---|---|---|
| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE COUNTY | |

ALEJANDRO VALADEZ,

    Plaintiff,

DEAN HEALTH PLAN,
WISCONSIN DEPARTMENT
OF HEALTH SERVICES, and
MILWAUKEE CHILD SUPPORT AGENCY,

    Involuntary Plaintiffs,

    v.

CITY OF MILWAUKEE, JOSEPH ZAWIKOWSKI,
CHRISTOPHER RANDAZZO, JOHN DOE
OFFICERS 1-2, ABC INSURANCE COMPANY,
QUINCY TOLLIVER, and
GEICO SECURE INSURANCE COMPANY

    Defendants.

Case No.:
Case Code: 30107 (Personal Injury – Other)

**COMPLAINT**

**NOW COMES** Plaintiff, Alejandro Valadez, by and through his attorneys, Cade Law Group LLC, and files this complaint against the Defendants, alleges and shows the Court as follows:

## INTRODUCTION

1. This is a civil rights and personal injury action arising from Milwaukee Police Department officers' failure to protect Plaintiff after detaining him during a highway traffic stop in Milwaukee County, Wisconsin.

2. After Plaintiff complied with officers' commands and exited his vehicle, officers handcuffed Plaintiff and placed him in the rear squad compartment of an undercover squad vehicle parked in an active lane of interstate traffic.

3.     While Plaintiff was restrained and entirely dependent upon officers for his safety, Defendants failed to secure Plaintiff with a seatbelt and failed to place the squad vehicle in a designated emergency or distress lane.

4.     While Plaintiff remained handcuffed and unsecured in the rear of the vehicle, another vehicle rear-ended the undercover squad car at highway speeds, causing Plaintiff to sustain serious bodily injuries.

5.     As a result of Defendants' conduct, Plaintiff's constitutional rights to bodily integrity and reasonable safety while in custody were violated. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and Wisconsin law.

6.     The constitutional violations suffered by Plaintiff were caused by, among other things, the acts and omissions of Defendant officers, as well as the policies, customs, practices, failures to train, and failures to supervise maintained by Defendant City of Milwaukee regarding detainee transportation, prisoner restraint procedures, and highway detention safety.

7.     Plaintiff also asserts state-law negligence claims arising from Defendants' failure to exercise ordinary care in securing and protecting Plaintiff while he was detained in the rear compartment of the squad vehicle.

8.     Plaintiff's negligence claim likewise extends to Defendant Tolliver, by and through his insurance, Geico Secure Insurance Company, for his negligence in causing the crash to occur.

9.     All individual Defendants are sued in their individual and official capacities. At all relevant times, Defendants acted under color of state law and within the course and

2

scope of their employment as officers and employees of the Milwaukee Police Department.

## PARTIES

10.     Plaintiff Alejandro Valadez ("Plaintiff") is an adult citizen and resident of the state of Wisconsin.

11.     Involuntary Plaintiff Dean Health Care ("Dean"), upon information and belief, is a wholly owned, provided medical care, treatment, services, and/or paid medical expenses on behalf of Plaintiff arising out of the injuries and damages alleged herein and may claim an interest in any recovery obtained in this action by virtue of subrogation and/or statutory reimbursement rights. Dean Health Care is joined pursuant to Wis. Stat. § 803.03 and any other applicable law. Dean has a principal place of business at 1277 Deming Way, Madison, WI 53717.

12.     Involuntary Plaintiff Wisconsin Department of Health Services ("WI DHS"), upon information and belief, is a wholly owned, provided medical care, treatment, services, and/or paid medical expenses on behalf of Plaintiff arising out of the injuries and damages alleged herein and may claim an interest in any recovery obtained in this action by virtue of subrogation and/or statutory reimbursement rights. Wisconsin Department of Health Services is joined pursuant to Wis. Stat. § 803.03 and any other applicable law. WI DHS has a principal place of business at 201 E. Washington Avenue, Madison, WI 53703.

13.     Involuntary Plaintiff Milwaukee County Child Support Agency, upon information and belief, claims an interest in any recovery obtained in this action arising from a child support lien and/or assignment rights relating to Plaintiff. Milwaukee County

is joined pursuant to Wis. Stat. § 803.03 and any other applicable law. This involuntary plaintiff has a principal place of business at 901 N. 9th Street, Milwaukee, WI 53233.

14.     Defendant City of Milwaukee ("City"), is a municipal corporation organized under the laws of the State of Wisconsin, with its principal offices located at 200 E. Wells Street, Milwaukee, WI 53202. The City operates, supervises, and is responsible for the creation and implementation of the policies, practices, customs, training, supervision, and discipline of the Milwaukee Police Department ("MPD") and its employees.

15.     Defendant Joseph Zawikowski ("Lieutenant Zawikowski") was, at all relevant times, a police officer and Lieutenant employed by the Milwaukee Police Department acting within the course and scope of his employment and under color of state law. His principal business address is 749 W. State Street, Milwaukee, WI 53233.

16.     Defendant Christopher Randazzo ("Officer Randazzo") was, at all relevant times, a police officer employed by the Milwaukee Police Department acting within the course and scope of his employment and under color of state law. His principal business address is 749 W. State Street, Milwaukee, WI 53233.

17.     Defendant John Doe Officers 1-2 are currently unknown law enforcement officers and/or supervisory personnel employed by the Milwaukee Police Department who participated in, directed, approved of, failed to prevent, and/or were otherwise personally involved in the acts and omissions alleged herein. Plaintiff is presently unaware of the true names and identities of said Defendants despite reasonable investigation. Plaintiff will amend this Complaint to identify said Defendants when their identities become known. At all relevant times, John Does 1-2 acted under color of state law and within the course and scope of their employment.

18.     Defendant ABC Insurance Company ("ABC"), upon information and belief, is a domestic insurance company duly conducting business in the State of Wisconsin and is engaged in the business, among other things, of issuing policies of insurance within the State of Wisconsin. Upon information and belief, ABC issued a policy of liability insurance to Defendant City of Milwaukee and/or its employees providing coverage for the acts and omissions alleged herein. By the terms of said policy, ABC agreed to pay any and all sums for which Defendant City of Milwaukee and/or its employees might be held legally liable for injuries or damages caused by the Milwaukee Police Department and/or its employees. Upon information and belief, said policy was in full force and effect during all time periods relevant herein. Pursuant to Wis. Stat. § 803.04, ABC Insurance Company is a proper party to this action.

19.     Defendant Quincy Tolliver ("Tolliver") is an adult citizen who, upon information and belief, is a citizen and resident of the State of Wisconsin, with a last known address is 6008 W. Mitchell Street, West Allis, WI 53214. Upon information and belief, Tolliver owned and/or operated the vehicle involved in the accident described herein.

20.     Defendant Geico Secure Insurance Company ("Geico"), is a foreign insurance corporation licensed to do business in the State of Wisconsin, with offices of its registered agent, CT Corporation System, located at 301 S. Bedford Street, Suite 1, Madison, WI 53703. Prior to December 23, 2024, Geico issued a policy of insurance to Defendant Tolliver, insuring him or anyone operating his motor vehicle with permission and consent against any liability imposed by law out of the negligent operation of his motor vehicle, which policy was in full force and effect at the time of this accident. In the contract of said insurance, Geico reserved the right to settle or adjust any claims arising

there under and to defend any lawsuits instituted by virtue of any such claims and it has a direct interest in this litigation by virtue of the laws of the State of Wisconsin. Geico is a proper Defendant herein.

## JURISDICTION AND VENUE

21. This Court has jurisdiction and venue of this matter because Plaintiff and several of the defendants reside in Milwaukee County and the acts and injury described in this Complaint occurred within Milwaukee County.

22. Pursuant to Wis. Stat. § 893.80, notice of injury was sent via certified mail to the City of Milwaukee on March 3, 2025. A true and correct copy of Plaintiff's Notice of Injury is attached hereto as **Exhibit A.**

23. Pursuant to Wis. Stat. § 893.80, a notice of claim was sent via certified mail on January 6, 2025. A true and correct copy of Plaintiff's Notice of Claim is attached hereto as **Exhibit B.**

## STATEMENT OF FACTS

24. Prior to December 23, 2024, Milwaukee Police Department possessed information that a suspect involved in a homicide investigation was associated with a silver Nissan Rogue bearing license plate number AKP5220 and connected to the premises located at 3301 S. 100th Street, Greenfield, Wisconsin.

25. On December 23, 2024, at approximately 8:10 p.m., undercover MPD officers, including Officer Randazzo and Lieutenant Zawikowski, were conducting surveillance in the area around 3301 S. 100th Street in Greenfield, Wisconsin.

6

26.     During surveillance, officers observed two individuals enter the Nissan Rogue and drive away from the premises before traveling southbound on I-94 without headlights illuminated.

27.     After continued surveillance, MPD officers determined that uniformed members of MPD's Special Investigations Division ("SID") would attempt a traffic stop of the Nissan Rogue.

28.     The traffic stop occurred on I-94 southbound near Exit 318/319 in the vicinity of West Clayton Crest Avenue in Milwaukee County, Wisconsin.

29.     While uniformed SID officers conducted the stop, Officer Randazzo and Lieutenant Zawikowski remained approximately 100 yards north of the traffic stop location in an undercover police vehicle equipped with activated emergency red and blue lights.

30.     Plaintiff was identified as the driver of the silver Nissan Rogue. Plaintiff complied with officer's commands and exited the vehicle. After Plaintiff exited, an unidentified passenger moved into the driver's seat and fled the scene in the Nissan Rogue.

31.     Officer Randazzo and Lieutenant Zawikowski did not directly observe the Nissan Rogue flee but observed uniformed officers retreat to their vehicles and begin pursuing it shortly after the stop was initiated.

32.     Officer Randazzo and Lieutenant Zawikowski proceeded southbound to assist with the vehicle pursuit. While traveling southbound, they observed Plaintiff standing on the shoulder of I-94 wearing a neon yellow safety jacket resembling a traffic safety vest.

7

33.    Officer Randazzo and Lieutenant Zawikowski stopped and contacted Plaintiff on the shoulder of the interstate. They subsequently handcuffed Plaintiff for alleged obstruction and requested that a uniformed officer respond to the scene and take custody of Plaintiff.

34.    While awaiting the arrival of a uniformed officer, Officer Randazzo and Lieutenant Zawikowski placed Plaintiff in the rear compartment of their undercover squad vehicle, which was parked in an active southbound lane of I-94 near the collector ramp at W. Abbott Avenue with its emergency red and blue lights activated.

35.    Although Plaintiff was restrained and in police custody, Officer Randazzo and Lieutenant Zawikowski failed to secure Plaintiff with a seatbelt or other safety restraint when placing Plaintiff in the rear compartment of their undercover squad vehicle.

36.    While handcuffed and unsecured in the rear compartment of the squad vehicle, Plaintiff observed headlights from another vehicle approaching directly behind the squad vehicle in the same lane of travel.

37.    Shortly thereafter, the approaching vehicle, later determined to have been driven by Defendant Tolliver, rear-ended the undercover squad vehicle at highway speeds.

38.    At all relevant times, Plaintiff remained handcuffed, unsecured, and unable to brace for impact or otherwise protect himself and sustained serious bodily injuries as a result of this collision.

39.    At all relevant times, the undercover police vehicle was parked in an active southbound lane of traffic on I-94 rather than a designated emergency or distress lane,

thereby exposing Plaintiff to the dangers of active highway traffic while he remained handcuffed and unsecured in the rear compartment of the undercover squad vehicle.

40.     At all relevant times, Plaintiff was entirely dependent on Defendants for his safety and protection.

## COUNT I – NEGLIGENCE
### (Against Randazzo, Zawikowski, Tolliver, and John Does)

41.     Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully stated herein.

42.     At all relevant times, Defendant officers, including Officer Randazzo and Lieutenant Zawikowski, were employees of Defendant City of Milwaukee acting within the course and scope of their employment.

43.     Defendants owed Plaintiff a duty to exercise ordinary care under the circumstances, including but not limited to the duty to safely detain, transport, and protect Plaintiff while he was in police custody.

44.     Defendants further owed Plaintiff a duty to exercise reasonable care and secure him with an operational and properly fastened seatbelt while Plaintiff was detained in the rear compartment of the squad vehicle.

45.     Defendants breached their duties of care by failing to properly secure Plaintiff with a seatbelt, failing to ensure Plaintiff was safely restrained prior to transport or detention in the vehicle, parking the vehicle in an active lane of interstate traffic, failing to utilize a designated emergency or distress lane, failing to protect Plaintiff from foreseeable harm while he was detained, otherwise acting negligently under the circumstances.

9

46. At all relevant times, Defendant Tolliver owed a duty to exercise ordinary care in operating his vehicle to ensure the safety of other drivers and passengers on the highway.

47. Defendant Tolliver breached his duty of care in negligently driving his vehicle and causing the collision with the unmarked squad car.

48. Defendants' negligence directly and proximately caused Plaintiff to sustain severe bodily injuries, pain and suffering, emotional distress, medical expenses, lost wages, disability, and other damages.

49. Pursuant to the doctrine of respondeat superior and Wis. Stat. § 895.46, Defendant City of Milwaukee is liable for the negligent acts and omissions of its employees committed within the scope of their employment.

50. Pursuant to Wis. Stat. § 632.24, Defendants Geico Secure Insurance Company and ABC Insurance Company are directly liable to Plaintiff to the extent of any applicable insurance coverage.

## COUNT II – NEGLIGENT HIRING, TRAINING, AND SUPERVISION
### (Against City of Milwaukee and John Does)

51. Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully stated herein.

52. Defendant City of Milwaukee owed a duty to the public, including Plaintiff, to exercise reasonable care in the hiring, training, supervision, and retention of its law enforcement officers, including Officer Randazzo and Lieutenant Zawikowski.

53. This duty included, but was not limited to, providing adequate training and supervision regarding the proper restraint and transportation of detainees, the mandatory use of seatbelts and safety restraints for detainees transported in police vehicles, the safe

placement and monitoring of detainees during roadside and highway stops, the foreseeable risks associated with detaining individuals in vehicles located near active traffic lanes, and the duty to protect individuals from foreseeable harm while in police custody, and compliance with applicable departmental policies, procedures, and constitutional requirements governing custodial safety.

54.    Defendant City of Milwaukee failed to adequately train, supervise, instruct, and/or discipline its officers in one or more of the foregoing respects.

55.    Defendant City of Milwaukee knew, or should have known, that failure to properly train and supervise its officers regarding detainee restraint and highway detention safety would create a foreseeable and unreasonable risk of serious bodily injury to individuals in police custody.

56.    Defendant City of Milwaukee, despite this knowledge, acted negligently and/or with deliberate indifference by failing to implement and enforce adequate training, supervision, and safety protocols designed to protect individuals in police custody.

57.    As a direct and proximate result of Defendant City of Milwaukee's negligent training and supervision, Defendant officers, including Officer Randazzo and Lieutenant Zawikowski, failed to properly secure Plaintiff and failed to take reasonable precautions for Plaintiff's safety while he was detained on or near a highway.

58.    As a further direct and proximate result of Defendant City of Milwaukee's conduct, Plaintiff sustained severe bodily injuries and other damages, including pain and suffering, emotional distress, medical expenses, lost income, and ongoing damages to be proven at trial.

## COUNT III – FAILURE TO PROTECT
### (Against Randazzo, Zawikowski, and John Does)

59.     Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully stated herein.

60.     At all relevant times, Defendant officers, including Officer Randazzo and Lieutenant Zawikowski, acted under color of state law in their capacities as Milwaukee Police Department officers.

61.     At the time of the incident, Plaintiff was handcuffed, detained, and in police custody, rendering him unable to adequately protect himself or secure his own safety.

62.     Defendants knew, or reasonably should have known, that leaving Plaintiff unsecured in the rear compartment of a squad vehicle parked in an active interstate traffic lane created a substantial and obvious risk of serious harm.

63.     Despite such knowledge, Defendants acted with deliberate indifference to Plaintiff's health and safety by failing to secure Plaintiff with a seatbelt, parking the squad vehicle in an active traffic lane, and failing to otherwise protect Plaintiff from known and foreseeable dangers associated with detention on or near an active highway.

64.     As a direct and proximate result of Defendants' acts and omissions, the squad vehicle was struck by another vehicle at highway speeds, causing Plaintiff to suffer serious bodily injuries and other damages.

65.     Defendant officers' conduct, including Officer Randazzo and Lieutenant Zawikowski, deprived Plaintiff of rights secured by the Constitution and laws of the United States, including Plaintiff's Fourteenth Amendment rights to bodily integrity and reasonable safety while in custody.

12

66.     Defendant City of Milwaukee is liable under 42 U.S.C. § 1983 because the constitutional violations suffered by Plaintiff were caused by policies, practices, failures to train, failures to supervise, and/or failures to discipline regarding the safe detention and transportation of individuals in police custody, seatbelt use and detainee restraint procedures, highway traffic stop and detention safety protocols, and the protection of detained individuals from foreseeable harm.

## COUNT IV – DIRECT ACTION
### Direct Action Statute – Wis. Stat. § 632.24
### (Against Defendant Insurance Companies)

67.     Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully stated herein.

68.     At all material times and upon information and belief, all non-insurance defendants had in full force and effect one or more policies of insurance that provided coverage to each of them, insuring them against liability for their negligence and the negligence of their agents and employees, and agreeing to pay any and all amounts that Defendants and their agents and employees may become legally obliged to pay for the aforementioned damages.

69.     Pursuant to Wisconsin's Direct-Action Statute, Wis. Stat. § 632.24, Plaintiff is allowed to maintain this lawsuit directly against Defendants Geico Secure and ABC Insurance Companies.

## RELIEF REQUESTED

70.     Plaintiff respectfully requests that this court enter judgment for him against each defendant and award the following relief:

a.     An order awarding damages for physical discomfort;

b.      An order awarding damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life in an amount to be determined by a jury;

c.      An order awarding punitive damages in an amount to be determined by a jury;

d.      An order awarding taxable costs and disbursements;

e.      An order awarding attorney fees and expert fees; and

f.      An order awarding such other and further relief as deemed necessary and appropriate by the court.

## JURY DEMAND

71.     Plaintiff hereby demands a trial by jury on all facts and damages herein.

Dated this 1st day of June, 2026.

**CADE LAW GROUP LLC**
Attorneys for Plaintiff

By:     *Electronically signed by Nathaniel Cade, Jr.*
        Nathaniel Cade, Jr., SBN: 1028115
        Annalisa Pusick, SBN: 1116379
        PO Box 170887
        Milwaukee, WI 53217
        P: (414) 255-802
        F: (414) 255-3804
        E: nate@cade-law.com
           annalisa@cade-law.com

# EXHIBIT A



**NATHANIEL CADE, JR.**
nate@cade-law.com
www.cade-law.com

January 6, 2025

<u>**VIA CERIFIED MAIL: 9589 0710 5270 0327 4228 10**</u>

Mr. Jim Owczarski
Clerk, City of Milwaukee
200 E. Wells Street
Room 205
Milwaukee, WI 53202

      Re:    Notice of Injury on behalf of Alejandro Valadez

Dear Clerk Owczarski:

      Enclosed please find a Notice of Injury on behalf of Alejandro Valadez. Mr. Valadez was arrested by the Milwaukee Police Department on December 23, 2024. While in handcuffs, he was placed in the back of an unmarked MPD squad car that was part of the Criminal Investigative Division. He was unbelted and not secured. While in the back of the squad car, it was hit by another vehicle, causing injuries to Mr. Valadez.

                 Very truly yours,

                 **CADE LAW GROUP LLC**

                 Nathaniel Cade, Jr.

NC:cn
Enclosure
cc:    Evan Goyke, Esq. (w/enc.)
       Alejandro Valadez (w/enc.)

## NOTICE OF INJURY OR CIRCUMSTANCES TO:
(Pursuant to Wisconsin Statute § 893.80)

**Claimant Name**: Alejandro Valadez

**Claimant Address**: 5941 S. 26th Street, Milwaukee, WI 53221 (Mr. Valadez should be contacted only through this law office)

**Claimant Phone Number**: (414) 255-3802 (Attorney Cade)

**Date and Time of Event Giving Rise to Claim**: December 23, 2024 @8:13pm

**Location of Event Giving Rise to the Claim**:  Interstate 94 @ W. Clayton Crest Avenue, Milwaukee, WI 53221

**State of the Circumstances of the Event Giving Rise to the Claim, including the names of all persons involved, the identification of witnesses, if any, and the names and job titles of the local governmental body's employees or agents involved (use additional sheets if necessary)**:

A vehicle that Mr. Valadez was travelling in was pulled over by the Milwaukee Police Department on **December 23, 2024** on suspicions that the vehicle was associated with a crime earlier that day. Mr. Valadez was the driver. Following order, Mr. Valadez exited the vehicle and walked towards officers. While Mr. Valadez was out of the vehicle and in handcuffs, the other occupant of the vehicle, Valentin Santana, drove away. All of the vehicles involved with the traffic stop of the vehicle gave chase, except for two officers (believed to be Lt. Joseph Zawiowski and Officer Christopher Randazzo).

Mr. Valadez was placed in the rear of an unmarked MPD police vehicle, in handcuffs and he was not belted in. That MPD vehicle subsequently was hit by another vehicle, causing injury to Mr. Valadez.

See Police Report C2412230148.

**\*\*It is hereby demanded that all law enforcement agencies maintain and preserve all written and oral records, including body camera and dash/squad camera.**

Dated this 6th day of January, 2025.

_____
Nathaniel Cade, Jr., Esq., SBN 1028115
Annalisa Pusick, Esq. SBN 1116379
(as counsel for Claimant)
Cade Law Group LLC
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (o)
(414) 255-3804 (f)
nate@cade-law.com
annalisa@cade-law.com

# EXHIBIT B



CADE **C** LAW GROUP

**Nathaniel Cade, Jr.**
nate@cade-law.com
www.cade-law.com

January 6, 2026

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

**#7021 1970 0002 2787 2144**

Mr. Jim Owczarski
Clerk, City of Milwaukee
200 E. Wells Street
Room 205
Milwaukee, WI 53202

    Re:   Notice of Claim for injuries to Alejandro Valadez on December 23, 2024

Dear Clerk Owczarski:

Enclosed please find a Notice of Claim, pursuant to Wis. Stat. § 893.80(1d)(b), directed to

the City of Milwaukee, pertaining to injuries sustained by Alejandro Valadez on December 23,

2024.

A prior Notice of Injury, dated January 6, 2025, was sent to you, via certified mail, receipt

#9589 0710 5270 0327 4228 10.

    Very truly yours,

    CADE LAW GROUP LLC

    Nathaniel Cade, Jr.

NC:cn
Enclosure

P.O. Box 170887, Milwaukee, Wisconsin 53217
(414) 255-3802 (o)  (414) 255-3804 (f)

# NOTICE OF CLAIM

TO:     Mr. Jim Owczarski
        Clerk, City of Milwaukee
        200 E. Wells Street
        Room 205
        Milwaukee, WI 53202

Re:     <u>Notice of Claim for injuries to Alejandro Valadez on December 23, 2024</u>

This is a Notice of Claim on behalf of the Alejandro Valadez. A vehicle that Mr. Valadez was travelling in was pulled over by the Milwaukee Police Department on December 23, 2024 on suspicions that the vehicle was associated with a crime earlier that day. Mr. Valadez was the driver.

Following police orders, Mr. Valadez exited the vehicle and walked towards officers. While Mr. Valadez was out of the vehicle and in handcuffs, the other occupant of the vehicle, Valentin Santana, drove away. All of the other police vehicles involved with the traffic stop of the vehicle gave chase, except for two MPD officers (believed to be Lt. Joseph Zawiowski and Officer Christopher Randazzo).

Mr. Valadez was placed in the rear of an unmarked MPD police vehicle, in handcuffs but he was not belted in by the officers. That MPD vehicle subsequently was hit by another vehicle, causing injury to Mr. Valadez. See Police Report C2412230148.

Pursuant to this Notice of Claim, Mr. Valadez hereby demands monetary relief against the City of Milwaukee and its officers and agents, and demands the payment of the sum of **$167,400.00** for Mr. Valadez's injuries and the negligence of the officers.

A prior Notice of Injury, dated January 6, 2025, was sent to Jim Owczarski, via certified mail receipt #9589 0710 5270 0327 4228 10.

Dated this 6th day of January, 2026.

**CADE LAW GROUP LLC**

By: _____
Nathaniel Cade, Jr., SBN 1028115
Annalisa Pusick, SBN 1116379
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (o)
(414) 255-3804 (f)
nate@cade-law.com

Attorneys for Alejandro Valadez