UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALEJANDRO VALADEZ,

        Plaintiff,                                    Case No. 2:26-cv-01080-SCD

and,

DEAN HEALTH PLAN, WISCONSIN DEPARTMENT
OF HEALTH SERVICES, and MILWAUKEE CHILD
SUPPORT AGENCY,

        Involuntary Plaintiffs,

vs.

CITY OF MILWAUKEE, JOSEPH ZAWIKOWSKI,
CHRISTOPHER RANDAZZO, JOHN DOE OFFICERS 1-2,
ABC INSURANCE COMPANY, QUINCY TOLLIVER, and
GEICO SECURE INSURANCE COMPANY,

        Defendants.

---

### QUINCY TOLIVER AND GEICO SECURE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM

---

The defendants, Quincy Toliver (incorrectly identified as Quincy Tolliver) and GEICO Secure Insurance Company, by their attorneys, Emile Banks & Associates, LLC, by Emile H. Banks, Jr., hereby respond to the Complaint of the plaintiff as follows.

1.      These responding defendants admit that the Complaint appears to be a civil rights and a personal injury action filed by the plaintiff. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 1 of the plaintiff's Complaint, and therefore deny the same.

2.      These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the plaintiff's Complaint, and therefore deny the same.

3. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the plaintiff's Complaint, and therefore deny the same.

4. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the plaintiff's Complaint, and therefore deny the same.

5. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the plaintiff's Complaint, and therefore deny the same.

6. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the plaintiff's Complaint, and therefore deny the same.

7. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the plaintiff's Complaint, and therefore deny the same.

8. These responding defendants deny that defendant Toliver was negligent as alleged in Paragraph 8 of the plaintiff's Complaint, or in any other respect. These responding defendants furthermore deny that defendant Toliver can be negligent through his insurance company. These responding defendants deny the remaining allegations contained in Paragraph 8 of the plaintiff's Complaint.

9. Paragraph 9 of the plaintiff's Complaint appears not to be directed as against these responding defendants, and therefore no response is required. To the extent a response is required, these responding defendants deny the allegations contained in Paragraph 9 of the plaintiff's Complaint.

2

10. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the plaintiff's Complaint, and therefore deny the same.

11. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the plaintiff's Complaint, and therefore deny the same.

12. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the plaintiff's Complaint, and therefore deny the same.

13. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the plaintiff's Complaint, and therefore deny the same.

14. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the plaintiff's Complaint, and therefore deny the same.

15. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the plaintiff's Complaint, and therefore deny the same.

16. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the plaintiff's Complaint, and therefore deny the same.

17. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the plaintiff's Complaint, and therefore deny the same.

18. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the plaintiff's Complaint, and therefore deny the same.

19. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the plaintiff's Complaint, and therefore deny the same.

20. These responding defendants admit that GEICO is a foreign insurance corporation licensed to do business in the State of Wisconsin. These responding defendants furthermore admit that GEICO, at all times material to the plaintiff's Complaint, had a policy of insurance in effect with the defendant Toliver. Said policy was and is subject to all of its terms, conditions, and limitations contained therein. To the extent that any of the allegations contained in Paragraph 20 of the plaintiff's Complaint is at variance therewith, the same is denied.

21. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the plaintiff's Complaint, and therefore deny the same.

22. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the plaintiff's Complaint, and therefore deny the same.

23. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the plaintiff's Complaint, and therefore deny the same.

24. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the plaintiff's Complaint, and therefore deny the same.

4

25. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the plaintiff's Complaint, and therefore deny the same.

26. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the plaintiff's Complaint, and therefore deny the same.

27. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the plaintiff's Complaint, and therefore deny the same.

28. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the plaintiff's Complaint, and therefore deny the same.

29. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the plaintiff's Complaint, and therefore deny the same.

30. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the plaintiff's Complaint, and therefore deny the same.

31. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of the plaintiff's Complaint, and therefore deny the same.

32. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the plaintiff's Complaint, and therefore deny the same.

33. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the plaintiff's Complaint, and therefore deny the same.

34. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the plaintiff's Complaint, and therefore deny the same.

35. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the plaintiff's Complaint, and therefore deny the same.

36. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the plaintiff's Complaint, and therefore deny the same.

37. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the plaintiff's Complaint, and therefore deny the same.

38. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the plaintiff's Complaint, and therefore deny the same.

39. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the plaintiff's Complaint, and therefore deny the same.

40. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the plaintiff's Complaint, and therefore deny the same.

6

41.     These responding defendants reallege and incorporate herein as though fully set forth all of its responses to Paragraphs 1 through 40 above.

42.     These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the plaintiff's Complaint, and therefore deny the same.

43.     Paragraph 43 of the plaintiff's Complaint appears not to be directed as against these responding defendants, and therefore no response is required.  To the extent a response is required, these responding defendants deny the allegations contained in Paragraph 43 of the plaintiff's Complaint.

44.     Paragraph 43 of the plaintiff's Complaint appears not to be directed as against these responding defendants, and therefore no response is required.  To the extent a response is required, these responding defendants deny the allegations contained in Paragraph 44 of the plaintiff's Complaint.

45.     Paragraph 43 of the plaintiff's Complaint appears not to be directed as against these responding defendants, and therefore no response is required.  To the extent a response is required, these responding defendants deny the allegations contained in Paragraph 45 of the plaintiff's Complaint.

46.     Admit.

47.     These responding defendants deny that defendant Toliver was negligent as alleged in Paragraph 47 of the plaintiff's Complaint, or in any other respect.  These responding defendants furthermore deny each and every remaining allegation contained in Paragraph 47 of the plaintiff's Complaint.

48.     These responding defendants deny that defendant Toliver was negligent as alleged in Paragraph 48 of the plaintiff's Complaint, or in any other respect.  These responding defendants

furthermore deny that any act or failure to act on the part of defendant Toliver caused or contributed, proximately or otherwise, to any alleged damages and/or injuries as alleged in Paragraph 48 of the plaintiff's Complaint.

49. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of the plaintiff's Complaint, and therefore deny the same.

50. These responding defendants admit that at all times material hereto that there existed a policy of insurance between GEICO Secure Insurance Company and the defendant Toliver. Said policy was and is subject to all of its terms, conditions, and limitations contained therein. To the extent that any of the allegations contained in Paragraph 50 of the plaintiff's Complaint is at variance therewith, the same is denied.

51. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of the plaintiff's Complaint, and therefore deny the same.

52. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the plaintiff's Complaint, and therefore deny the same.

53. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 of the plaintiff's Complaint, and therefore deny the same.

54. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the plaintiff's Complaint, and therefore deny the same.

55. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of the plaintiff's Complaint, and therefore deny the same.

56. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 of the plaintiff's Complaint, and therefore deny the same.

57. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of the plaintiff's Complaint, and therefore deny the same.

58. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the plaintiff's Complaint, and therefore deny the same.

59. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the plaintiff's Complaint, and therefore deny the same.

60. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the plaintiff's Complaint, and therefore deny the same.

61. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the plaintiff's Complaint, and therefore deny the same.

62. Paragraph 62 of the plaintiff's Complaint appears not to be directed as against these responding defendants, and therefore no response is required. To the extent a response is required,

9

these responding defendants deny the allegations contained in Paragraph 62 of the plaintiff's Complaint.

63. Paragraph 62 of the plaintiff's Complaint appears not to be directed as against these responding defendants, and therefore no response is required. To the extent a response is required, these responding defendants deny the allegations contained in Paragraph 63 of the plaintiff's Complaint.

64. Paragraph 62 of the plaintiff's Complaint appears not to be directed as against these responding defendants, and therefore no response is required. To the extent a response is required, these responding defendants deny the allegations contained in Paragraph 64 of the plaintiff's Complaint.

65. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 of the plaintiff's Complaint, and therefore deny the same.

66. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of the plaintiff's Complaint, and therefore deny the same.

67. These responding defendants reallege and incorporate herein as though fully set forth all of its responses to Paragraphs 1 through 66 above.

68. These responding defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 68 of the plaintiff's Complaint, and therefore deny the same.

69. Admit.

70. Paragraph 70 of the plaintiff's Complaint is a request for relief, and therefore no response is required. To the extent a response is required, these responding defendants deny Paragraph 70 of the plaintiff's Complaint, and each and every one of its subparts (a) through (f).

71. Paragraph 71 of the plaintiff's Complaint is a jury demand, and therefore no response is required. To the extent a response is required, these responding defendants deny Paragraph 71 of the plaintiff's Complaint

## **<u>AFFIRMATIVE DEFENSES</u>**

As and for separate and distinct Affirmative Defenses, these responding defendants allege as follows:

1. That upon information and belief, the plaintiff has failed to mitigate his damages.

2. That upon information and belief, the Complaint fails to state a claim upon which relief can be granted.

3. That upon information and belief, that if the plaintiff sustained any injuries or damages at the time and place described in his Complaint, said damages were proximately caused by the fault, carelessness and want of ordinary care on the part of the plaintiff, and not due to the want of ordinary care on the part of these responding defendants.

4. That upon information and belief, that if the plaintiff sustained any injuries or damages at the time and place described in his Complaint, said damages were proximately caused by the fault, carelessness and want of ordinary care on the part of third persons, and not due to the want of ordinary care on the part of these responding defendants.

5. That upon information and belief, that if it is determined that the plaintiff did suffer damages as claimed in his Complaint, said damages were caused by and the result of intervening

and superseding causes not under the control of this responding defendant, or caused by this responding defendant, and, therefore, this responding defendant cannot be held liable or responsible for said damages.

6. That upon information and belief, that if any or all of the expenses allegedly incurred by the plaintiff were or will be paid by a party other than the plaintiff, then and in that event, the plaintiff has failed to join a necessary and indispensable party to this action as required by Wis. Stat. § 803.03.

7. That upon information and belief, the statute of limitations as against this responding defendant may have expired and therefore this Complaint may not be timely filed. Therefore, the claim as against these responding defendants must be dismissed upon the merits.

8. These responding defendants hereby adopt any affirmative defense pled by any other party to this lawsuit.

9. These responding defendants reserve the right to amend their Answer to assert any affirmative defenses which may be disclosed throughout the course of discovery in this lawsuit.

## CROSS-CLAIM AGAINST CITY OF MILWAUKEE

These responding defendants, Quincy Toliver and GEICO Secure Insurance Company, by their attorneys, Emile Banks & Associates, LLC, and as and for their Cross-Claim against defendant City of Milwaukee, allege as follows:

### I. PARTIES

1. Cross-Complainant Quincy Toliver is an adult resident of the State of Wisconsin who resides at 6008 West Mitchell Street, West Allis, Wisconsin 53214.

2.     Cross-Complainant GEICO Secure Insurance Company is a corporation organized and existing under the laws of the State of Nebraska with its principal place of business at 1314 Douglas Street, Suite 1400, Omaha, Nebraska 68102.

3.     Cross-Defendant City of Milwaukee, is a municipal corporation organized under the laws of the State of Wisconsin, with its principal offices located at 200 East Wells Street, Milwaukee, Wisconsin 53202.

## II.  JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this Cross-Claim pursuant to 28 U.S.C. §1332, as it forms part of the same case or controversy under Article III.

5.     Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. §1983 because a substantial part of the events or omissions giving rise to the claim occurred in this district, and most defendants reside in this state.

## III.  FACTUAL ALLEGATIONS

6.     On June 1, 2026 plaintiff filed a Complaint against the City of Milwaukee, Joseph Zawikowski, Christopher Randazzo, John Doe Officers 1-2, ABC Insurance Company, Quincy Toliver and GEICO Secure Insurance Company alleging that plaintiff sustained personal injuries as a result of the negligence of Quincy Toliver and/or failure of defendant City of Milwaukee's employees' breach of the plaintiff's constitutional rights.

## IV.  CLAIMS FOR RELIEF

7.     Cross-Complainants Quincy Toliver and GEICO Secure Insurance Company incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

13

8. If the City of Milwaukee is found liable to the plaintiff for the damages alleged in the Complaint, such liability is, in whole or in part, the result of the primary, active, and direct negligence and/or wrongful conduct of their employees who are named as defendants as a result of respondeat superior and/or vicarious liability.

9. In the event plaintiff recovers a verdict or judgment against Quincy Toliver and GEICO Secure Insurance Company, these cross-claiming defendants are entitled to full indemnification from the City of Milwaukee, or in the alternative, contribution for the portion of damages attributable to the City or its employees' fault.

## V. PRAYER FOR RELIEF

WHEREFORE, defendants and cross-complainants, Quincy Toliver and GEICO Secure Insurance Company, respectfully request that this Court enter judgment in their favor and against defendant and cross-defendant City of Milwaukee as follows:

a. An award of full indemnification for any damages or costs assessed against Quincy Toliver and/or GEICO Secure Insurance Company in favor of the plaintiff.

b. Alternatively, an award of contribution apportioning liability based on the respective cause and/or enhancement of the alleged injuries of the plaintiff.

c. Reasonable attorney fees, costs, and expenses incurred in defending this action.

d. Such other and further relief as the Court deems just and proper.

**THESE DEFENDANTS DEMAND A JURY TRIAL OF TWELVE (12) PERSONS.**

Dated this 26th day of June, 2026.

EMILE BANKS & ASSOCIATES, LLC
Attorneys for Defendants, Quincy Toliver
and GEICO Secure Insurance Company

*s/ Emile H. Banks, Jr.*

By: _____

EMILE H. BANKS, JR.
State Bar No. 1018890

POST OFFICE ADDRESS:
High Pointe, Suite 290
1200 North Mayfair Road
Milwaukee, WI  53226
(414) 777-0000
emile@emilebankslaw.com

15